UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Victor Tagle,

    Plaintiff

v.

State of Nevada, et al,,

    Defendants

2:16-cv-0850-JAD-GWF

**Order Dismissing and Closing Case and Denying all Pending Motions as Moot**

[ECF No. 2]

This is one of the 23 lawsuits that serial filer Nevada state-prison inmate Victor Tagle has filed in this district. On November 16, 2016, I denied his application to proceed *in forma pauperis* under the PLRA's three-strikes rule, and I ordered that "Tagle must pay the full $400 filing fee by December 16, 2016, or I will dismiss this action and deny all pending motions without prejudice." ECF No. 10. Tagle did not pay the filing fee. Instead, he filed a notice of appeal and moved the appellate court for pauper status for his appeal. ECF Nos. 11, 14. Because Tagle did not pay the filing fee by the December 16, 2016, deadline, I dismiss this action without prejudice.

## DISCUSSION

District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case."[1] This includes the power to dismiss claims brought by prisoners who fail to pay the filing fee after an application for *in forma pauperis* status is denied based on the PLRA's three-strikes rule.[2] In determining whether to dismiss an action for failure to obey a court order directing payment of the filing fee, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy

---

[1] *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986).

[2] *Funtanilla v. Downs*, 131 Fed. App'x 536, 537 (9th Cir. 2005).

favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[3]

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal here.  The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action.[4]  A court's warning to a party that its failure to obey the court's order will result in dismissal satisfies the fifth factor's "consideration of alternatives" requirement, and that warning was given here.[5]  The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.  Accordingly,

Accordingly, IT IS HEREBY ORDERED that **this action is DISMISSED** without prejudice for failure to pay the filing fee as directed by this court's November 16, 2016, order;

IT IS FURTHER ORDERED that ALL PENDING MOTIONS ARE DENIED as moot, and the Clerk of Court is instructed to CLOSE THIS CASE.

Dated January 11, 2017.

_____
Jennifer A. Dorsey
United States District Judge

---

[3] *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992).

[4] *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

[5] *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132–33.