# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

Victor Tagle,

    Plaintiff

v.

State of Nevada, et al.,

    Defendants

Case No.: 2:16-cv-0850-JAD-GWF

**Screening Order after Remand**

[ECF Nos. 23, 25]

    This case is on remand from the U.S. Court of Appeals for the Ninth Circuit. I dismissed this case before screening,[1] but the Ninth Circuit reversed and remanded.[2] In light of the remand, I now reopen this case; reinstate the application to proceed *in forma pauperis* [3] as an active, pending motion; screen Tagle's claims[4] under 28 U.S.C. § 1915A; and consider the remaining motions.[5] Because I find on screening that Tagle's claims are legally barred by the United States Supreme Court's decision in *Heck v. Humphrey* and should be brought instead in a petition for habeas corpus after full exhaustion of state proceedings, I dismiss Tagle's claims, deny his motions as moot, and direct the Clerk of Court to send Tagle the court's form for a habeas corpus petition and close this case.

---

[1] ECF No. 16.

[2] ECF No. 19.

[3] ECF No. 1.

[4] ECF No. 1-1.

[5] ECF No. 23, 25.

1

## Discussion

### I. Screening standard for pro se prisoner claims

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or an officer or employee of a governmental entity.[6] In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.[7] In addition to the screening requirements, the Prison Litigation Reform Act (PLRA) requires a federal court to dismiss a prisoner's claim if "the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief."[8]

Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief.[9] In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff.[10] Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers,[11] but a plaintiff must provide more than mere labels and conclusions.[12] "While legal conclusions can

---

[6] *See* 28 U.S.C. § 1915A(a).

[7] *See* 28 U.S.C. § 1915A(b)(1)(2).

[8] 28 U.S.C. § 1915(e)(2).

[9] *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).

[10] *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).

[11] *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *see also Balistreri v. Pacficia Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (recognizing that pro se pleadings must be liberally construed).

[12] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

provide the framework of a complaint, they must be supported with factual allegations."[13] "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[14]

All or part of a complaint filed by a prisoner may also be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios).[15] If it is clear from the face of the complaint that any deficiencies could not be cured by amendment, leave to amend is not required.[16]

## II. Tagle's lawsuit must be dismissed under *Heck v. Humphrey*.

Tagle's complaint is not a model of clarity, and his stylized handwriting makes it nearly illegible.[17] It appears that he is challenging the legality of his arrest by C. Lilintel;[18] the competency of his court-appointed attorney, Kathleen Hamers, Esq.;[19] and the legal authenticity of Judge Valerie Adair.[20] Tagle also alleges that the State of Nevada has been holding him

---

[13] *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

[14] *Id.*

[15] *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

[16] *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

[17] *See generally* ECF No. 1-1.

[18] *See id.* at 2 (describing details of his arrest and alleging that he was arrested on false pretenses and after the officer said he had a warrant from family court).

[19] *See id.* at 3–4 (alleging that he was the first client for this public defender, who "had no idea what she was doing" and could not explain why he had been arrested).

[20] *See id.* at 5 (alleging that the Secretary of State advised him that "Judge Valerie Adair, is not a legal judge") (emphasis removed).

illegally "for the past 5 years, against all the Federal and State laws," and he seeks money damages and "the penal punishment of the perpetrators."[21]

Tagle's lawsuit is barred by the U.S. Supreme Court's decision in *Heck v. Humphrey*.[22] In *Heck*, the Supreme Court held that "in order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254."[23] "A claim for damages bearing that relationship to a conviction or sentence that has not been . . . invalidated is not cognizable under § 1983."[24] "Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."[25] *Heck* preserves the rule that claims which, if successful, would necessarily imply the invalidity of a conviction or sentence, must be brought by way of petition for writ of habeas corpus, after exhausting appropriate avenues for relief.[26] And it draws a bright line between challenges to the validity of the confinement, and the conditions of confinement.[27]

---

[21] *Id.* at 6.

[22] *Heck v. Humphrey*, 512 U.S. 477 (1994).

[23] *Id.* at 486-87.

[24] *Id.* at 487.

[25] *Id.*

[26] *Muhammad v. Close*, 540 U.S. 749, 750–751 (2004).

[27] *Id.*

4

With this lawsuit, Tagle challenges the validity of his conviction and confinement by disputing the legality of his arrest and the actions and decisions of the judge and defense attorney in the underlying criminal proceedings that resulted in his incarceration. Because he has not alleged any facts to suggest that his underlying conviction or sentence has been reversed, expunged, invalidated, or the subject of habeas relief, Tagle's lawsuit is *Heck*-barred. So, I dismiss this case in its entirety without prejudice to Tagle's ability to file a habeas corpus petition.[28]

## Conclusion

Accordingly, IT IS HEREBY ORDERED that:

- The application to proceed *in forma pauperis* **[ECF No. 1] is DENIED** as moot, and I find that any appeal from this denial would not be taken in good faith as contemplated by 28 USC § 1915(a)(3);

- **This action is DISMISSED** without prejudice to Tagle's ability to file a new habeas corpus petition and a new application to proceed *in forma pauperis* in a new action (the habeas corpus petition must be commenced as a new action, not as part of this now-dismissed case); and

- All remaining motions **[ECF Nos. 23, 25] are DENIED** as moot.

IT IS FURTHER ORDERED that t**he Clerk of the Court is directed to**:

- Reopen this case,
- Reinstate the application to proceed *in forma pauperis* [ECF No. 1] as an active, pending motion;
- File the complaint [ECF No. 1-1];
- Send plaintiff two copies of an *in forma pauperis* application form for a prisoner, one copy of the instructions for the same, two copies of a blank 28 U.S.C. § 2254 habeas corpus form, and one copy of instructions for the same; and

---

[28] By this order, I do not—nor do I intend to—prejudge the validity or timeliness of any such habeas corpus claim. And Tagle remains responsible for ensuring that all statutes of limitations are satisfied and all required procedures are properly exhausted.

- ENTER JUDGMENT accordingly, and CLOSE THIS CASE.

DATED February 22, 2018

_____
U.S. District Judge Jennifer A. Dorsey